ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MINERVA RODRÍGUEZ REYES<br><br>Parte Apelada<br><br>v.<br><br>**ATENEO PUERTORRIQUEÑO, INC.**<br>Y CHUBB INSURANCE COMPANY OF PUERTO RICO<br><br>Parte Apelante | TA2026AP00653 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2021CV02649<br><br>Sala: 702<br><br>Sobre:<br>Despido Injustificado<br>Represalias<br>Incumplimiento de Contrato<br>Procedimiento Sumario bajo la Ley Núm. 2-1961 |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2026.

Compareció ante este Tribunal la parte apelante, el Ateneo Puertorriqueño, Inc. (en adelante, el "Ateneo" o "Apelante"), mediante recurso de apelación presentado el 22 de junio de 2026. Nos solicitó la revocación de la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el "TPI"), el 22 de mayo de 2026. Mediante el referido dictamen, el TPI declaró "Con Lugar" la "**Querella**" presentada por la Sra. Minerva Rodríguez Reyes (en adelante, "señora Rodríguez Reyes" o "Apelada") en contra del Ateneo.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por su presentación tardía.

**I.**

El caso ante nuestra consideración tuvo su origen el 8 de julio de 2021, con la presentación de una "**Querella**" por parte de la Apelada, bajo el procedimiento sumario dispuesto en la Ley de Procedimiento Sumario de Reclamaciones

Laborales, *infra.* A través de la misma, la señora Rodríguez Reyes adujo que fue despedida injustificadamente de su empleo y en represalias por parte del Ateneo. Tras múltiples trámites impertinentes, el 22 de mayo de 2026, el foro primario dictó *Sentencia* mediante la cual declaró "**Con Lugar**" la "**Querella**" por despido injustificado y ordenó el pago de $45,670.80, en concepto de mesada más las costas y gastos del litigio.

Inconforme con dicha determinación, el Apelante compareció ante este Tribunal por vía del recurso de epígrafe y le imputó al foro de instancia la comisión de los siguientes errores:

**A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE, A PESAR DE QUE LA QUERELLANTE POSEIA UN CONTRATO A TÉRMINO DEFINIDO, LE COBIJABA LA PROTECCIÓN DE LA LEY NÚM. 80 DE 30 DE MAYO DE 1976, SEGÚN ENMENDADA, POR POSEER UNA "EXPECTATIVA DE CONTINUIDAD LABORAL", Y CONCEDERLE DAÑOS BAJO DICHA LEY.**

**B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA TERCERA CAUSA DE ACCIÓN DE LA QUERELLANTE BAJO LA LEY 115-1991 LUEGO DE EVALUAR LOS HECHOS A LA LUZ DEL (INAPLICABLE) ARTÍCULO 2 DE LA LEY 80 Y NO A LA LUZ DE LO DISPUESTO EN LA LEY 115 1991.**

**C. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EVALUAR LA RECLAMACIÓN DE LA QUERELLANTE COMO UNA POR INCUMPLIMIENTO DE CONTRATO.**

**D. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER REMEDIOS BAJO LA LEY 80 Y LA LEY 115-1991**.

## II.

## A.

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruiz Camilo v. Trafon Group, Inc*,* 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom*,* 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings*,* 191 DPR 228*,* 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su

propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc.*, supra*, pág. 268.

Constituye norma de derecho reiterada que un recurso prematuro al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre.  Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno.  Ello así, toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Por lo tanto, un tribunal que carece de jurisdicción solamente tiene jurisdicción para así declararlo y desestimar el caso. Íd.

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025), dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

**B.**

Sabido es que la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", 32 LPRA secs. 3118 *et seq.*, instituye un proceso sumario de adjudicación de pleitos laborales dirigidos a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativos a salarios, beneficios y derechos laborales. De ahí que se le imponga una carga procesal más onerosa a la parte con mayores medios económicos, el patrono. Rivera v. Insular Wire Products Corp., 140 DPR 912, 924 (1996).

Así pues, el legislador implantó la política pública estatal de proteger el empleo y desalentar los despidos sin justa causa. A fin de lograr la consecución de dichos propósitos, el estatuto establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7) que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni está autorizado a tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y (8) la obligación de los tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda. 32 LPRA sec. 3120; *véase*, Vizcarrondo v. MVM, Inc. et al., 174 DPR 921, 929 (2008).

Además, se dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia". 32 LPRA sec. 3127.

Sobre la naturaleza sumaria de los procesos incoados bajo esta ley, nuestro Tribunal Supremo ha reiterado que dicha característica es esencial y, por consiguiente, "tanto las partes como los tribunales deben respetarla". Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 265 (2018). Consecuentemente, ni las determinaciones interlocutorias, ni las sentencias dictadas en pleitos al amparo de la Ley Núm. 2 no pueden ser objeto de reconsideración. Íd., pág. 267; Patiño Chirino v. Parador Villa Antonio, 196 DPR 439 (2016); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723 (2016).

En cuanto a la discreción de los tribunales para convertir el procedimiento sumario al trámite ordinario, esta debe ejercerse luego de un análisis ponderado de los intereses involucrados; cuando la concesión de prórrogas o de un descubrimiento de prueba más extenso resulte insuficiente para proteger los

derechos de las partes; y para hacer cumplida la justicia. <u>Vizcarrondo Morales v. MVM, Inc. et. al.</u>, *supra*, pág. 932. Una vez se presenta una querella al amparo de la Ley Núm. 2, *supra*, el tribunal tiene la discreción para decidir si la querella debe seguir el trámite sumario o si se debe convertir al ordinario. <u>Rivera v. Insular Wire Products Corp.</u>, *supra*, pág. 929. **Lo anterior implica que, hasta tanto el foro primario no emita una decisión disponiendo que el caso debe continuar por la vía ordinaria, debe entenderse que el caso sigue ventilándose bajo el procedimiento sumario**. <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*, pág. 270.

**III.**

Conforme hemos adelantado, el recurso de epígrafe fue presentado el 22 de junio de 2026, con el objetivo de solicitar la revocación de la *Sentencia* dictada y notificada por el TPI el 22 de mayo de 2026. Tal y como hemos adelantado en los acápites anteriores, hasta tanto el Tribunal de Primera Instancia no emita una determinación relativa a que el caso debe continuar por la vía ordinaria, se debe entender que el caso se mantiene bajo el procedimiento sumario. <u>Ruiz Camilo v. Trafon Group, Inc.</u>*,* *supra*, pág. 270. Es decir, en ausencia de una expresión mediante orden o resolución por parte del foro *a quo* a esos efectos, el término aplicable para solicitar la apelación de una sentencia dictada en un caso ventilado bajo el procedimiento sumario laboral es de diez (10) días, computados a partir de la notificación de la sentencia que se impugna.

Los autos reflejan que el Apelante radicó el recurso ante nuestra consideración fuera del término jurisdiccional de diez (10) días que dispone nuestro ordenamiento jurídico para impugnar sentencias en casos que se tramitaron bajo el procedimiento establecido en la Ley Núm. 2, *supra*. Hemos examinado el expediente electrónico del TPI y no hemos hallado dictamen alguno al amparo del cual el foro primario ordenara la conversión del litigio. Ante la inexistencia de una determinación del foro *a quo* convirtiendo el procedimiento sumario a uno de trámite ordinario, no puede sino entenderse que el caso mantuvo su naturaleza sumaria y los términos aplicables, a la luz de lo resuelto recientemente por el Tribunal Supremo en <u>Ruiz Camilo v. Trafon Group, Inc.</u>*,* *supra*.

Es decir, a partir del 22 de mayo de 2026 comenzó a transcurrir el término jurisdiccional de diez (10) días para apelar la *Sentencia* objeto del presente recurso.

6

Por tanto, de conformidad con el cómputo aplicable, el Ateneo tenía hasta el 1 de junio de 2026 para someter ante nos su apelación. Lo anterior, inevitablemente, implica que procede la desestimación del recurso por haberse presentado de manera tardía.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones